REQUESTED BY: W. Ralph Michener, Director, Department of Public Institutions, Lincoln, Nebraska.
Whether individuals sentenced and committed to regional centers as mentally disordered sex offenders are financially responsible for the cost of the care and treatment they receive in a public institution.
No, such individuals are not responsible for the cost of their care and treatment under the existing financial responsibility laws.
Sections 83-361 through 83-380, R.R.S. 1943, constitute the financial responsibility laws for the cost of care and treatment received in public institutions. In general they provide that patients and specifically defined relatives are liable for the cost of the care and treatment received. Section 83-364, R.R.S. 1943, in particular, provides that transferees from a state penal institution to a public institution are subject to these financial responsibility laws only upon the expiration of the time for which such individuals were originally sentenced.
Under the prior sexual sociopath laws, sections 29-2901
through 29-2910, R.R.S. 1943, an individual who was convicted of a sexual offense was subject to being committed to a regional center for treatment if found to be a treatable sexual sociopath. Such an individual was not sentenced for his criminal conviction, but was instead committed by the court to a regional center for treatment. Section 29-2907, R.R.S. 1943, specifically provided that such individuals were subject to the financial responsibility laws, thus making these individuals and their legally responsible relatives liable for the cost of the care and treatment provided in the state institution. It is important to note that during the course of this commitment, such individuals were not sentenced to the state penal complex, and thus these individuals would not fall within the exception stated in section83-364, R.R.S. 1943, for individuals transferred from a correctional institution.
The sexual sociopath laws were repealed in 1979, and replaced by LB 378, which constitutes sections 29-2911
through 29-2921, R.S.Supp., 1979. Under these provisions, a sex offender is first convicted of the alleged sexual offense. If after conviction, the defendant is determined to be a treatable mentally disoriented sex offender, the court must sentence him to the Nebraska Penal Complex according to law and then in turn commit him to a regional center for treatment for a period not to exceed the maximum length of the offender's sentence. Having been first sentenced to the Penal Complex and then committed, it would appear that the above referenced provision of section 83-364, R.R.S. 1943, would clearly govern the application of the financial responsibility laws to this individual and his legally responsible relatives. Likewise it should be noted that there is no specific reference to financial responsibility for individuals committed under this act, either in the act itself or in the legislative history and debate of LB 378. From this fact, and the specific repeal of the existing financial responsibility provisions as they related to individuals committed under the sexual sociopath laws, it seems certain that the Legislature intended the provisions of section83-364, R.R.S. 1943, to govern the application of the financial responsibility laws to individuals sentenced and subsequently committed to state institutions as mentally disoriented sex offenders.
Thus individuals sentenced for sexual offenses and committed to regional centers as mentally disoriented sex offenders for treatment under sections 29-2911 through29-2921, R.S.Supp., 1979, and their responsible relatives, are not subject to the financial responsibility laws for the cost of their care and treatment until after the expiration of their original sentence.